```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
            SOUTH BEND DIVISION
```

RAMAR DANIELS,                    )
                                  )
      Petitioner,                 )
                                  )
vs.                               )   CAUSE NO. 3:16-CV-180
                                  )
SUPERINTENDENT,                   )
                                  )
      Respondent.                 )

## OPINION AND ORDER

This matter is before the Court on a Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a person in State Custody Seeking Review of a Prison Disciplinary Sanction, filed by Ramar Daniels, a *pro se* prisoner, on March 25, 2015. Here, Daniels challenges a disciplinary determination made by a hearing officer at the Westville Correctional Facility ("Westville") under case number WCC 15-10-0291. For the reasons set forth below, the court **DENIES** the petition (DE 1). The clerk is **DIRECTED** to close this case.

BACKGROUND

On October 9, 2015, Correctional Officer Robinson prepared a conduct report charging Daniels with threatening. (DE 8-1.) The conduct report stated:

> On the date and time above I officer Robinson while making my secured round I found Offender Daniels, Ramar 104542 making an unnessary [sic] fire in the microwave. Offender was given a direct order to stop an[d] give it up[. H]e failed to comply[.] Instead he ran with the fire

> material and flushed it in the toilet[. H]e later came back and got in my face and stated the following: "I'm going to write your ass up again and get you fucked up motherfucker, and get you out of here." I officer Robinson felt intimidated by Offender Daniels, Ramar 104542 and supervisor was notified.

(*Id.*)

On October 16, 2015, Daniels was notified of the charge of threatening and served with a copy of the conduct report and the screening report. (DE 8-2.) The screening report reflects that he pled not guilty and requested lay advocate. He did not ask to call any witnesses but he did request video evidence. (Id.) On October 20, 2015, after disciplinary hearing officer ("DHO") Finn conducted a video review:

> Upon review of the video footage, I, Officer Finn, observe Offender Daniels, Ramar 104542 make a fire at the microwave near the entry door of PI. The offender then goes to the restroom on the North hall. Officer Robinson is then seen walking toward the restroom. Offender Daniels and her are seen talking after he exits. Offender Daniels walks toward the dayroom, turns around and heads back towards the officers' station. There is no audio available.

(DE 8-6.)

On October 23, 2015, DHO Finn conducted a disciplinary hearing and found Daniels guilty of the charge of threatening. (DE 8-5.) At the hearing, Daniels's comment was, "She wasn't never taking to me. I walked right past her. I'm in prison for killing her brother. That's why she keeps lying on me." (Id.)

DISCUSSION

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Daniels raises two claims in his petition: (1) there was insufficient evidence to support the conviction; and (2) the disciplinary hearing officer was biased, which led him to mischaracterize the video evidence.

First, Daniels claims there was insufficient evidence to find him guilty of threatening. In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v.*

*McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994). Additionally, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Threatening, offense B-213, prohibits communicating to another person a plan to physically harm, harass, or intimidate that person or someone else. (DE 8 at 7.) (Citing the Adult Disciplinary Process for Offenses within the Indiana Department of Corrections). In this case, it is clear that the record contains "some evidence" to support the hearing officer's determination that Daniels was guilty of threatening. The conduct report is some evidence that Daniels threatened Officer Robinson. *McPherson*, 188 F.3d at 786 (7th Cir. 1999) (conduct report alone provided some evidence to support disciplinary determination). Indeed, the conduct report shows that Daniels violated B-213 in two ways. First, he communicated a plan to harass or intimidate Officer Robinson by threatening to write her up. Second, he communicated a plan to harm

her. Moreover, the video does generally corroborate Officer Robinson's account of the circumstances of what transpired; however, because there is no audio it neither corroborates nor undermines the contents of Daniels' threats. Although Daniels denies that he threatened Officer Robinson, it is not the province of this court to re-weigh evidence. Because there is some evidence to support the hearing officer's determination, there is no basis for granting habeas relief on this ground.

Second, Daniels claims he was denied the right to an impartial decision-maker. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id.*

Here, Daniels alleges that the hearing officer was a personal friend with the report writer. However, even if this is true, it would not provide a basis for granting federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997). Moreover, there is no

evidence that the hearing officer was in any way involved in the conduct or investigation leading to the disciplinary charge. Nor do any adverse rulings establish impermissible bias. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994). Daniels complains that because of the hearing officer's friendship with Officer Robinson, the hearing officer mischaracterized the video footage. However, the court has reviewed the video, and it appears as though DHO Finn's summary is accurate. Thus, Daniels has failed to establish a violation of his federal due process rights.

CONCLUSION

For the reasons set forth above, the court **DENIES** the petition (DE 1). The clerk is **DIRECTED** to close this case.

DATED: March 31, 2017 /s/RUDY LOZANO, Judge
United State District Court